Please identify yourself. Dave Chipman with Manzan Guerra on behalf of the petitioner on this matter, Clemente. The facts of this case are not necessarily disputed, the basic facts, which is we have a 46-year-old Mexican national who's been in the United States for 22 years, who was never admitted to the United States, and he was working without authorization, he used a false social security number, was convicted of an attempt of false impersonation, fined $100, and this crime he faced up to one year in prison under a Class I misdemeanor in the state of Nebraska. However, he was given a $100 fine, and he went on his way. One thing that's important about Clemente is he is a family man, he has a wife, he has three children, one child is a DACA recipient, another child is a U.S. citizen, his wife doesn't work, they rely on his support solely, and he's paid taxes for the last 17 years, and so he's been a productive citizen of the United States. And so the mere fact that he used a false social security number to gain employment, to do construction in his local hometown of Creek, Nebraska, the court found that barred him, that didn't give him discretionary relief, it barred him from obtaining discretionary relief to have cancellation removal. So it was pre-terminated, which means you don't get to the other factors of cancellation removal. So the I.J. found that the very, very fact that Clemente had worked using a false social security number, that that was in and of itself enough to find that he was not a man, or he committed a crime involving moral turpitude. Well, the government says that this is a crime of moral turpitude, and that disqualifies him from remaining in the United States, is that right? That's what the government says. So the government argued that the use of a false social security number is in and of itself and always will be forever and ever a crime involving moral turpitude. And, Your Honor, there are – I'm sorry. Where does the offense fall short of it being a crime of moral turpitude? Well, so obviously the crime involving moral turpitude, it's not something that's actually defined by the statute. And so the BIA defines it as shockingly conscious, as morally deprived, inherently vile, base. And so, you know, then we're left saying, you know, what did he do that was wrong? What did he do that would fit that definition? Isn't there more to that definition than what you gave? Your Honor, there is. It says shock supposed conscious as being inherently base, vile, or depraved in the duties owed between person or to society in general, Your Honor. Of what relevance, if any, is it that by using this false social security number, the petitioner has placed the employer in legal jeopardy of fines and penalties? So, Your Honor, to the best of my knowledge, as long as the employer has no knowledge of his use of the false social security number, then he has no liability. My firm represents employers from time to time on these type of issues. And so he has, you know, what he's done is he's taken from no one. He has paid taxes. He has supported his family. He's been a productive member of society. And so what basically the IJ did was he said, well, there's this case in the Eighth Circuit, and they say that false use of social security number is enough by itself to become a crime involving moral turpitude. Let's talk about those cases. I think one is Guardado-Garcia. Another one is the Lateef case. And can you distinguish either of those cases for us? I can, absolutely, Your Honor. And one of the cases we cite in our brief is the Seventh Circuit, the Arias case. And the Arias case actually distinguishes for us the Guardado-Garcia case, which they say that there's a split between circuits on whether or not false use of a social security number is a crime involving moral turpitude. And they cite Eighth Circuit. What I'm interested in primarily, though, is the Eighth Circuit case. Yes. I realize there are other circuits that hold differently. Right. How would you distinguish the Guardado case in terms of the crime in that case being a CIMT or the one in the Lateef case being a CIMT? So I would say with the Guardado case, Your Honor, it involves a federal statute, you know, and this one involves a state statute. But I think the primary issue in the Guardado case that distinguishes it is the fact that it involves aggravating factors, which this person used a false social security number to obtain employment at the airport and then was given access to secured areas, which they felt to be a national security issue. So you don't have those type of factors. Our client was a construction worker doing construction work, and he was not, you know, creating an issue of national security. But under if we apply a modified categorical approach to assessing the nature of this crime, aren't we supposed to look to the underlying crime or to the crime itself, not the underlying conduct? Yeah. You can look at it. Yes, Your Honor. You can look at the underlying crime itself. The underlying crime itself is false use of a social security card. However, again, I think that So would it be relevant whether he used it to obtain access to an airport or do you just look at the crime that he was charged with? I believe it is relevant when determining if a crime involving moral turpitude is if it is used for aggravating purposes such as, you know, gain access to the airport. Well, if we look at the Nebraska statute in question, because that's really the statute that we want to look at, right? And so if you look at 608 and you look at the way that it existed at the time, there are the four subdivisions, right? Yes, Your Honor. And three of them clearly involve an intent to deceive or defraud, right? Because that's what the statute says. And so if we assume, you know, if we're to win, you've got to assume that we're going to do the modified categorical approach to that statute, right? We have to assume that it's divisible, right? And then we look at the four parts. Three of them all say with intent to deceive or harm another person, right? And so that just on its face involves an intent to defraud, and that's a crime involving moral turpitude, right? I would say not necessarily, Your Honor. I mean, first of all, 638, the legislative history tells us they're targeting undocumented workers. Well, he was convicted under 608, right? 608. So 638 is the new version, and then subsection D has been reworded, which actually might be a better statute for you, but that's not the statute he was convicted under, right? He's convicted under 608. The old 608. And which subdivision do you think he was convicted under? Can you tell? I can't necessarily tell, Your Honor, because they don't ever clarify. Salem County never clarified what they found. They just said basically that he was working without authorization, and the underlying offense was, which we stated, was he was using a Social Security card. So it was never a dispute. Yeah, but you say intent to deceive is not in itself a crime involving moral turpitude, right? I would say intent to deceive is not in itself a crime involving moral turpitude for every scenario. He's engaging in what is ordinarily lawful conduct, which is, you know, working, and that's what the Arias case says in particular. Like, you know, what he's doing is he's supporting his family. He's paying taxes. And, for instance, they say in 608 that not having a license, you know, having a job that requires a license but not having a license is not, you know, a deception. But of course it's a deception. If I'm a barber and I don't have a barber's license and I'm out, you know, with my barber's pole cutting your hair, you know, I'm deceiving you. And just like anybody who works in the United States without authorization is deceiving someone. They're deceiving someone. So there's deception in almost every one of these acts. And so if you look at subsection C where it talks about without a license, certificate, or authorization required by law, and that's to carry on a profession, business, or other occupation, don't you need a social security document or authorization required by law to carry on a profession? Because at this point, don't you, when you walk in to apply for a job, don't you have to produce a social security card? I don't know if you do or you have to at least say you have one and write a number down. And write a number down, right? Because without that number you can't be employed. That's correct. That's correct. If you're not self-employed, that's correct, Your Honor. Counsel, the immigration judge found that he was not convicted under subsection C, but the BIA said they couldn't tell. But on appeal, doesn't this court have to look at both of those decisions together? They do, Your Honor. They do have to read those together. And again, I think we have to look at what his underlying conduct is, which is the fact that he was working lawfully. If I could reserve one minute for rebuttal. Before you, isn't there a petty offense exception that's involved here? And how does that fit into this scheme of things? And it's based upon how big a sentence you have. Is that right? So, yeah, the petty theft exception is under 1182 or INA 212. Is that applicable? It is absolutely applicable because it says if you commit a crime involved in moral turpitude, but the maximum sentence is one year or less, then that's a petty theft exception. And that's for unadmitted aliens. And then basically what the BIA has done is they've rewritten this to say, if you've committed a crime of 364 days or less, then that's a petty theft exception. But that's not what the clear language says. I agree with that. And so the clear language says that one year or less. And this gentleman is an unadmitted alien.  And I don't believe it's given deference because of the fact that it is clear and not an ambiguous language. Okay, thanks. I'll ask the clerk to give me the time that you had left. Thank you, Your Honor. I appreciate it. Thank you. You may proceed, counsel. Good morning. May it please the Court? My name is Linda Chang on behalf of the U.S. Attorney General. First, I'm going to reframe the argument so that we're all on the same page. Dish's arguments here are foreclosed by this Court's decision in Andrade Zamora. Specifically, that case held that under the INA, the alien bears the burden of proof to establish his eligibility for cancellation of removal, including that he was not convicted of an offense that would disqualify him from cancellation of removal. This is his burden to bear in the relief context. Here, both parties agree that Petitioner conceded to the charge of removability, so that's not an issue. Both parties also agree that the Nebraska Revised Statute 28608, which he pled guilty to, is not categorically a CIMT. Both parties also agree that the statute is divisible. Now, Your Honor was correct in deciphering that one out of the four subsections under 28608 does not carry the requisite intent to defraud. And therefore, we need to know which one of the four subsections Petitioner was actually convicted under. On the facts of this case, there was nobody that was really hurt all that much, was there? Or what was the measure of damages that the government looks to here to send this man, after 20 years of pretty good living in the United States, back to Mexico? The level of harm wasn't at issue in this case. If you look at the complaint itself, it does say that the financial loss was between $500 and $1,500. But again, that's not what is at issue. Here, we need to find out which one of the four subsections that Petitioner actually was convicted under because one did not carry the requisite intent. And therefore, if he was convicted under one of the other three, which did carry the requisite intent, then he would have committed a CIMT, which is a disqualifying offense, and he would be ineligible for cancellation of removal. And that is his burden to bear, and he has not met that burden here. So the answer to the whole argument is essentially he has to establish that he falls within C. The failure to fall into C necessarily shows that he has not met the burden of proof. And not having met the burden of proof, you know, it's not on the government to prove what the nature of the conviction was. It's on the defendant to prove that the conviction was not a crime involving moral turpitude. We can't tell. Therefore, he's not eligible for cancellation of removal. That is correct, Your Honor. Counsel, doesn't that place the Petitioner in a virtually impossible position of having to prove something that's not provable due to the very generalized nature of the charging documents and the conviction records? I wouldn't characterize it as something that is unprovable. It is not an argument that Petitioner raised in this case that he cannot meet this burden because the documents do not exist or he is unable to obtain them. What we do have in this case are just a few documents produced by DHS, the journal entry and order, the notice of hearing, and the complaint. It is unclear whether Petitioner could provide a plea colloquy, the transcript of proceedings, whether those would give some insight into which subsection was actually at issue in State court. And that is also part of his burden to produce these documents. Well, he has come forward with this petty offense exception and has established that he falls within it because the sentence that he had was less than a year. I mean, it was a year only, and it wasn't in excess of a year. Right. The petty offense exception does exist under 1182. However, what he fails to appreciate is that Andrade Zamora from this circuit also precludes that argument because this Court deferred to the Board's decision in Cortez-Canales, which interpreted 8 U.S.C. 1229B, B1C, that stated that it only incorporates the offenses that are listed under the three relevant statutes, 1182, A2, 1227A2, and 1227A3, but not the immigration consequences that are attached to them. And therefore, this Court has already decided that the immigration consequences, which include the petty offense exception, actually do not, are not cross-referenced under 1229. Doesn't the language of the Nebraska statute setting the penalty also, is that problematic for the Petitioner as well in terms of the one year in prison language? Yes. That's how the I.J. interpreted it. But again, we don't need to reach that question because he can't establish that he actually was eligible for cancellation or removal to even get to the question of whether an exception exists. But, well, there's a difference between excess of one year and one year that kind of gets mixed up in the arguments here, it seems to me. But go ahead. So, in conclusion, the government would argue that Andrade Zamora controls this case, and in accordance with this case precedent, Petitioner must demonstrate that he is eligible for cancellation of removal by establishing the subsection under which he was convicted, such that it is not a CIMT. That would disqualify him from removal, and he has not done that in this case. Therefore, the Court should deny his petition for review. Thank you. Counsel has some time. A little bit of time. Thank you. The Petitioner doesn't deny the fact that we have the burden to demonstrate that we're of eligibility. And crime involving moral turpitude, what we're simply saying is that what his actions done under this very general statute does not actually involve a crime involving moral turpitude, because it's something that goes on. And I think the nice thing about the Arias Court says is it's absolutely absurd for a court to look at what our client has done and say, if he had taken money under the table, then that is somehow better than what our client has done, which is use a false social security number and pay taxes. The last thing I want to mention is I think it's inaccurate as the government says that we didn't prove the petty theft exception because it's clear that he is only facing one year or less, and that he's an unadmitted alien in 1182, that he fits within the exception, Your Honor. Okay. Thank you, Counsel. The case is submitted for decision. Thank you very much for your presentation. And the clerk will call the third case for today.